UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELEE VONGDARA, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TECH DIGITAL CORPORATION; BECTON DICKINSON AND COMPANY; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.:  3:25-CV-01168-H-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION**<br><br>[Doc. No. 30.] |

On October 15, 2025, Defendants Becton, Dickinson and Company ("BD") and TechDigital Corporation ("TechDigital") filed a motion to stay. (Doc. No. 30.) On January 13, 2026, Defendants filed a notice of non-opposition by Plaintiff Delee Vongdara to its motion. (Doc. No. 37.) On January 14, 2026, the Court took the matter under submission. (Doc. No. 38.)  For the reasons below, the Court grants Defendants' motion to stay.

## Background

Defendants are temporary service employers within the meaning of California Code of Regulations, Title 8 § 11040.  (Doc. No. 1-3, Compl. ¶ 13.)  Defendants employed Plaintiff and other employees on an hourly basis as non-exempt workers to perform work in California for various customers.  (Id. ¶ 14.)

1

## I.      Federal Action

On February 26, 2025, Plaintiff, individually and on behalf of all others similarly situated, filed a complaint in the Superior Court of the State of California for the County of San Diego against Defendants BD and TechDigital.  (Doc. No. 1-3, Compl.)  Plaintiff alleges claims against Defendants for: (1) failure to pay wages for all hours worked at minimum wage in violation of Cal. Lab. Code §§ 1194, 1197; (2) failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, 1194; (3) failure to authorize or permit meal periods in violation of Cal. Lab. Code §§ 226.7, 512; (4) failure to authorize or permit rest periods in violation of Cal. Lab. Code § 226.7; (5) failure to provide accurate wage statements in violation of Cal. Lab. Code § 226; (6) failure to timely pay all wages earned in violation of Cal. Lab. Code §§ 201-203; and (7) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.  (Doc. No. 1-3, Compl. ¶¶ 1, 13-42.)  Plaintiff brings this action on behalf of himself and the "California Class," comprising of "all current and former hourly non-exempt employees employed by Defendants" of multiple subclasses, including: 1) a minimum wage class, 2) an overtime class, 3) a regular rate class, 4) a meal period class, 5) a meal period premium wages class, 6) a rest period class, 7) a rest period premium wages class, 8) a wage statement class, and 6) a waiting time class.  (Id. ¶ 43.)  On May 7, 2025, Defendant BD removed this action pursuant to 28 U.S.C. § 1332(d) to the United States District Court for the Southern District of California. (Doc. No. 1.)

## II.     Underlying State Court Action ("Sipos")

On June 30, 2023, Marioara Sipos filed a class action complaint in the Superior Court of the State of California for the County of San Diego against Defendants BD and Pharmigen Inc.  Marioara Sipos v. Becton Dickinson and Company, et al., No. 37-2023-00027633-CU-OE-CTL (Cal. Super. Ct. San Diego Cnty. June 30, 2023) ("Sipos").  (Doc. No. 30-1 at 1.)  Sipos alleges claims for: (1) failure to pay wages for all hours worked at minimum and straight time wages in violation of Cal. Lab. Code §§ 204, 1194, 1197; (2) failure to pay overtime wages in violation of Cal. Lab. Code §§ 1194, 1998; (3) failure to

3:25-CV-01168-H-AHG

authorize or permit meal periods in violation of Cal. Lab. Code §§ 226.7, 512; (4) failure to authorize or permit rest periods in violation of Cal. Lab. Code § 226.7; (5) failure to timely pay all wages earned in violation of Cal. Lab. Code §§ 201-203; (6) failure to provide accurate wage statements in violation of Cal. Lab. Code § 226; (7) failure to indemnify employees for expenditures in violation of Cal. Lab. Code § 2802; and (8) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, et seq. (Doc. No. 30-6, Sipos Compl. ¶¶ 33-97.) The proposed Sipos California Class is defined as "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent" with additional subclasses. (Id. ¶¶ 26, 29-30.) The parties have exchanged discovery responses and scheduled a mediation for March 31, 2026. (Doc. No. 30-1 at 5; Doc. No. 30-3, Ferrantella Decl. ¶ 3.)

By the present motion, Defendants move the Court to stay Plaintiff's complaint, pending a decision in Sipos by the California Superior Court of San Diego County. (Id. at 15.) Defendants argue that Sipos alleges "the same legal claims" as the present action "and relies on largely the same factual allegations"; was filed two years before the present action; covers an overlapping class that includes all BD non-exempt, hourly employees; and has a significantly more developed procedural posture. (Id. at 4, 7-8.) Defendants opine that staying the present action and allowing Sipos to proceed will narrow the scope of claims at issue before the Court, avoid the unnecessary expenditure of resources, and prevent potentially conflicting judgments. (Id. at 5-6.)

### Discussion

Defendants seek a stay of the present action pursuant to both the first-to-file doctrine and the Colorado River doctrine. (Doc. No. 30 at 1.) Alternatively, Defendants request a discretionary Landis stay. (Doc. No. 30 at 1.) The Court will first address Defendants' Colorado River argument.

///

3:25-CV-01168-H-AHG

## I.      Colorado River

In general, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (quoting Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976)).  However, the Supreme Court has identified several instances in which it is appropriate for a federal court to abstain from exercising its jurisdiction.  See, e.g., Colorado River, 424 U.S. at 813–17 (discussing traditional abstention doctrines).  As relevant here, the Supreme Court recognized that "a federal court may stay a case in favor of a parallel state court action where doing so would give 'regard to conservation of judicial resources and comprehensive disposition of litigation.'" Franco v. Cent. Transp. LLC, No. EDCV 19-1464 JGB (SPx), 2020 WL 11626531, at *1 (C.D. Cal. Oct. 22, 2020) (first citing Colorado River, 424 U.S. at 817; then citing Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989)).

The Ninth Circuit recognizes eight factors that courts must weigh when considering a stay under Colorado River:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 979–80 (9th Cir. 2011).  "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." Nakash, 882 F.2d at 1415.  The weight "given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). The Court will address each factor in turn.

3:25-CV-01168-H-AHG

The first two factors are neutral because the dispute does not involve any property, and both forums are located in San Diego.

### A.    Piecemeal Litigation

Defendants argue a stay is appropriate because "Plaintiff's action involves the same issues pending in the previously-filed Sipos action … thereby duplicating efforts, wasting resources, and producing potentially different, inconsistent results as to liability and remedies." (Doc. No. 30-1 at 12.)

Piecemeal litigation occurs "when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." R.R. St., 656 F.3d at 979 (citations omitted).  Any case in which Colorado River is implicated will inevitably involve the possibility of "conflicting results, piecemeal litigation, and some duplication of judicial efforts," which are the "unavoidable price of preserving access to ... federal relief."  Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 842 (9th Cir. 2017) (citing Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir. 1991) (alteration in original) (internal quotation marks omitted)).

The Court agrees with Defendants that the piecemeal litigation factor weighs slightly in favor of a stay.  Allowing both the underlying state action and federal suit to proceed simultaneously risks duplicative efforts and inconsistent judgments in resolving nearly identical legal claims.  Because the basis of the Court's jurisdiction rests in the Class Action Fairness Act, California state law also provides the rule of decision for all claims.  Parallel proceedings could waste judicial resources and cause confusion in the continuing disputes between the parties.  See R.R. Street, 656 F.3d at 979–80 (identifying duplication of efforts and possibility of differing results as the primary concerns of the piecemeal litigation factor).

### B.    Order of Jurisdiction

The Court next considers the order in which the forums obtained jurisdiction.  The Supreme Court has instructed that the priority element of the Colorado River analysis "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at

3:25-CV-01168-H-AHG

hand." Moses H. Cone, 460 U.S. at 21, 103.  "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Id.

Here, the state court was the first to exercise jurisdiction.  The underlying state court action was initiated in June 2023, and Plaintiff's complaint was filed in February 2025.  (Doc. No. 1-3, Compl.; Doc. No. 30-6, Sipos Compl.)  Defendants' motion alleges that the underlying state action "has progressed significantly" as the plaintiff in Sipos was deposed, the parties have exchanged discovery responses, and the parties have a mediation scheduled for March 2026.  (Doc. No. 30-1 at 10; Doc. No. 30-3, Ferrantella Decl. ¶ 3.)  By contrast, in the instant action, Defendants have answered Plaintiffs' complaint, but nothing further has been done.  Viewing the "realities of the case at hand," Moses H. Cone, 460 U.S. at 21, the Court concludes that the state action has made more progress towards resolving the underlying legal issues.  Thus, this factor weighs in favor of Defendants' motion to stay.

C.    Source of Law

Defendants assert the Court should grant a stay in this matter because "Plaintiff's action invokes no federal rights or rules." (Doc. No. 30-1 at 12.)  "[A]lthough 'the presence of federal-law issues must always be a major consideration weighing against surrender' [of jurisdiction], the 'presence of state-law issues may weigh in favor of that surrender' only 'in some rare circumstances.'"  Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1370 (9th Cir. 1990) (quoting Moses H. Cone, 460 U.S. at 26).  This case does not present such "rare circumstances."   Rather, the cases here involve "routine issues of state law." See id. (concluding the same where the cases involved state law claims for misrepresentation, breach of fiduciary duty and breach of contract).  As such, the Court considers source of law to be a neutral factor.

D.    Adequacy of State Court

Defendants argue this factor favors a stay because "California courts are able to sufficiently protect the rights of employees working in California." (Doc. No. 30-1 at 12.)

6

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." R. R. St., 656 F.3d at 981. The Ninth Circuit looks "to whether the state court might be unable to enforce federal rights." Seneca Ins. Co., Inc., 862 F.3d at 845. This factor does not evaluate the competency of the state judiciary but instead considers whether the state court lacks power to provide the remedy the plaintiff seeks. See Moses H. Cone, 460 U.S. at 26-27.

Here, there is no exclusive federal jurisdiction issue. California law controls the substantive Labor Code claims made in both actions, and Plaintiff asserts only state law claims in this matter. (See Doc. No. 1-3.) As such, there is no question that the state court has authority to address the rights and remedies at issue. "Like source of law, however, this factor 'is more important when it weighs in favor of federal jurisdiction.'" R.R. St., 656 F.3d at 981 (citing Travelers, 914 F.2d at 1370). Thus, the Court finds this factor is neutral.

E.   Forum Shopping

A Colorado River stay is appropriate when it is "readily apparent that the federal plaintiff was engaged in forum shopping." Nakash, 882 F.2d at 1417. "Forum shopping refers to the practice of choosing the most favorable jurisdiction or court in which a claim might be heard." R. R. Street, 656 F.3d at 981 (citing Black's Law Dictionary 726 (9th ed. 2009)). Here, Plaintiff filed his complaint in state court. (See Doc. No. 1-3, Compl.) The present action is solely before this Court due to Defendants' removal. (See Doc. No. 1, Notice of Removal; Doc. No. 18, Plaintiff's Motion to Remand.) Nothing in the record suggests that Plaintiff chose this forum because federal court would provide a more favorable jurisdiction than state court. Accordingly, the Court concludes the forum shopping factor is neutral.

F.   Resolution of Issues in Parallel Proceeding

The final factor is "whether the state court proceeding sufficiently parallels the federal proceeding." R. R. Street, 656 F.3d at 982. The parallelism factor is a "necessary precondition to Colorado River abstention." Seneca Ins. Co., Inc., 862 F.3d at 845. As

3:25-CV-01168-H-AHG

part of this analysis, the court must determine whether the state and federal proceedings are "substantially similar." Nakash, 882 F.2d at 1416. "Exact parallelism" is not required. Nakash, 882 F.2d at 1416 (citing Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988)). "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a Colorado River stay...." R.R. St., 656 F.3d at 982 (internal quotation marks and citation omitted).

Here, the actions are substantially similar such that the state proceeding can resolve all issues. The Court agrees with Defendants that the legal claims brought in both actions are nearly identical, with the underlying state action bringing an additional legal claim not brought by the federal action. (Doc. No. 1-3, Compl. ¶¶ 1, 13-42; Doc. No. 30-6, Sipos Compl. ¶¶ 33-97.)  The parties are also substantially similar with overlapping putative classes and defendants. As Defendants note in their motion, "both cases name BD, and pursue a putative class that includes all non-exempt, hourly employees of this entity." (Doc. No. 30-1 at 7, 12-13) (citing Doc. No. 1-3, Compl. ¶¶ 3, 43-4 and Doc. No. 30-6, Sipos Compl. ¶ 26.)  While Plaintiff does allege claims against Defendant TechDigital, who is not named in Sipos, Defendants point out that Plaintiff "alleges BD and TechDigital are virtually indistinguishable." (Id.) (citing Doc. No. 1-3, Compl. ¶¶ 10-11.)  Further, "[e]xact parallelism" is not required. Nakash, 882 F.2d at 1416. The Court concludes the threshold parallelism factor has been satisfied.

G.      Evaluation of All Factors

"Ultimately, 'the decision whether to dismiss a federal action because of parallel state-court litigation' hinges on 'a careful balancing of the [relevant] factors ... with the balance heavily weighted in favor of the exercise of jurisdiction.'" R.R. St., 656 F.3d at 983 (citing Moses H. Cone, 460 U.S. at 16). None of the factors that would preclude a Colorado River stay—issues of federal law, inadequacy of the state court forum, or a possibility that the state court proceeding will not resolve the dispute—are concerns in this case. Rather, all factors are neutral or weigh in favor of granting a stay. Because the avoidance of piecemeal litigation and the progress made in the underlying state action

3:25-CV-01168-H-AHG

weigh against jurisdiction, the Court grants a stay in this matter.

**II.     First-to-File Rule**

Defendants also rely on the first-to-file doctrine.  (Doc. No. 30-1 at 6-10.)

The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court.  Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239 (9th Cir. 2015); see also Ceders–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997) (stating that when two actions involving the same parties and issues are filed in federal courts of concurrent jurisdiction, the first-to-file rule applies, giving the second court discretion to transfer, stay or, dismiss the second case).  The first-to-file rule is a generally recognized doctrine of federal comity.  Wallerstein v. Dole Fresh Vegetables, Inc., 967 F.Supp.2d 1289, 1292 (N.D. Cal. 2013).  It is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly."  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991).

Defendants recognize that the first-to-file rule is usually applied between two federal cases but argues that the rule has "been extended to overlapping federal and state court actions."  (Doc. No. 30-1 at 6.)  While several courts in the Ninth Circuit have ruled that the first-to-file doctrine is inapplicable to cases where the first case was filed in state court, Murphy v. Viad Corp., 2022 WL 3137720, *3 (C.D. Cal. May 13, 2022), the Ninth Circuit has not ruled definitively on the issue.  There are federal district courts in the Ninth Circuit that have applied the first-to-file doctrine in the state-federal context.  See, e.g., Shannon v. Bayview Loan Servicing LLC, 2018 WL 1902680 at *2 (D. Or. Apr. 20, 2018); Gens v. SEZ Am., Inc., 2007 WL 832050, at *4 (N.D. Cal. Mar. 19, 2007).

The Court need not resolve the apparent conflict because it finds that a stay is warranted pursuant to the Colorado River doctrine.  The Court concludes that, to the extent the first-to-file doctrine also applies in the state-federal context, staying proceedings is appropriate.

3:25-CV-01168-H-AHG

The court analyzes three factors in determining whether to apply the first-to-file rule: chronology of the lawsuits, similarity of the parties, and similarity of the issues. Alltrade, 946 F.2d at 625. Here, there is no question that Sipos was filed first. The underlying state court action was initiated in June 2023, and Plaintiff's complaint was filed in February 2025. (Doc. No. 1-3, Compl.; Doc. No. 30-6, Sipos Compl.) As discussed above, there is also substantial similarity of the parties and issues. The first-to-file rule does not require the parties or issues to be identical. See Kohn, 787 F.3d at 1240. Rather, the court asks whether there is "substantial overlap" between the issues and claims of the two actions. Id. The underlying state action and present action share overlapping putative classes and defendants. (Id.) The legal claims brought in both actions are nearly identical, with the underlying state action bringing an additional legal claim not brought by the federal action. (Doc. No. 1-3, Compl. ¶¶ 1, 13-42; Doc. No. 30-6, Sipos Compl. ¶¶ 33-97.)

Thus, the first-to-file doctrine supports staying the current case.

**III.  Requests for Judicial Notice**

Defendants ask the Court to take judicial notice of four documents filed in state court, which are attached to Defendants' motion. (See generally Doc. No. 30-6, Ex. 1; 30-7, Ex. 2; 30-8, Ex. 3; 30-9, Ex. 4.) To date, Plaintiff has not filed any objections to Defendants' request.

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). Proper subjects of judicial notice may include matters of public record. See Fed. R. Evid. 201; see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746

3:25-CV-01168-H-AHG

n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

The Court finds it appropriate to take judicial notice of the <u>Sipos</u> complaint because whether the claims and parties in the <u>Sipos</u> action overlap substantially with those in this action bears directly on whether the Court should stay this case.  See <u>ScripsAmerica, Inc. v. Ironridge Global, LLC</u>, 56 F. Supp. 3d 1121, 1135–36 (C.D. Cal. 2014).  Accordingly, the Court grants Defendants' requests to take judicial notice of Doc. No. 30-6, Exhibit 1.  Because the Court does not rely on Exhibits 2, 3, or 4 in reaching its conclusion below, the Court denies as moot these remaining requests.

## Conclusion

For the reasons above, the Court grants Defendants' Motion to Stay for one year with a status conference to be set for or after January 25, 2027.

**IT IS SO ORDERED.**

DATED: January 27, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:25-CV-01168-H-AHG